ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Carro & Carro Enterprises, Inc. ) ASBCA No. 59485
)
Under Contract No. W912EP-07-C-0024 )

APPEARANCES FOR THE APPELLANT: Steven L. Reed, Esq.
Douglas L. Tabeling, Esq.
Lochlin B. Samples, Esq.
Jonathan R. Mayo, Esq.
Vianney Lopez, Esq.
  Smith, Currie & Hancock LLP
  Atlanta, GA

APPEARANCES FOR THE GOVERNMENT: Thomas H. Gourlay, Jr., Esq.
  Engineer Chief Trial Attorney
Charles T. Pino, Esq.
Susan E. Symanski, Esq.
  Engineer Trial Attorneys
  U.S. Army Engineer District, Jacksonville

OPINION BY ADMINISTRATIVE JUDGE HARTMAN ON APPELLANT'S
MOTION TO DIRECT THE GOVERNMENT TO FILE THE COMPLAINT

Appellant seeks an Order from the Board directing the government to file the initial pleading or complaint in this appeal. The government opposes the motion. We deny the motion.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

The United States Army Corps of Engineers, Jacksonville District (Corps), awarded Contract No. W912EP-07-C-0024 (Contract) to appellant, Carro & Carro Enterprises, Inc. (CCE), on 28 September 2007 for the performance of construction work on the Rio Puerto Nuevo flood control project in Puerto Rico that included the making of modifications to the De Diego Bridge abutments and piers due to widening and deepening of the existing channel, such as the drilling of shafts between existing piles of bridge abutments and piers and the tying of those shafts to the existing bridge structure with new cast-in-place caps (ASBCA No. 57821 (57821), R4[1], tab 4 at 1, 74). The

---

[1] This appeal is consolidated with Carro & Carro Enterprises, Inc., ASBCA No. 57821, and 19 other appeals by CCE under the captioned contract. We, however, have

Contract contained various standard Federal Acquisition Regulation (FAR) clauses, including FAR 52.232-5, PAYMENTS UNDER FIXED-PRICE CONSTRUCTION CONTRACTS (SEP 2002); FAR 52.233-1, DISPUTES (JUL 2002); and FAR 52.246-12, INSPECTION OF CONSTRUCTION (AUG 1996) (57821, R4, tab 4 at 104-05, 157-59, 168-70, 182-83). FAR 52.232-5 provides in pertinent part:

> (b) *Progress payments*. The Government shall make progress payments monthly as the work proceeds, or at more frequent intervals as determined by the Contracting Officer, on estimates of work accomplished which meets the standards of quality established under the contract, as approved by the Contracting Officer.
>
> ....
>
> (e) *Retainage*. If the Contracting Officer finds that satisfactory progress was achieved during any period for which a progress payment is to be made, the Contracting Officer shall authorize payment to be made in full. However, if satisfactory progress has not been made, the Contracting Officer may retain a maximum of 10 percent of the amount of the payment until satisfactory progress is achieved. When the work is substantially complete, the Contracting Officer may retain from previously withheld funds and future progress payments that amount the Contracting Officer considers adequate for protection of the Government and shall release to the Contractor all the remaining withheld funds. Also, on completion and acceptance of each separate building, public work, or other division of the contract, for which the price is stated separately in the contract, payment shall be made for the completed work without retention of a percentage.

(57821, R4, tab 4 at 158-59)

Under the "REMARKS" block of Payment Estimate No. 31 for the performance period of 1 November 2011 to 25 December 2011, the Corps stated:

> Pay Activity 00091A Install 10 Drill Shafts – At this moment the Government will retain $75,000 (will not pay) of the actual remaining amount of $152,851.23. Therefore,

directed that complaints, answers, and supplemental Rule 4 files be filed in each of the different appeals.

2

$77,851.23 has been included in this payment application (No. 31) until a modification for a credit is negotiated.

(App. reply[2], ex. 3)

On 9 April 2014, CCE submitted to the Corps contracting officer (CO) a certified claim stating she is withholding either $51,413.32 or $75,000.00, or both from CCE, for alleged known Pier 2 defects and demanding Corps payment of $126,413.42[3] for "improper, unjustified, and unreasonable" withholding of progress payments. The claim added that, by withholding money based on alleged defects, the Corps is effectively asserting a government claim for which the Corps has the burden of proof. (Notice of Appeal (NOA), ex. 8 at 1, 4)

On 25 July 2014, the CO issued her final decision denying CCE's claim. The CO stated the Corps "began withholding retainage" and "continued through payment estimate #43," and "CCE was aware that the value of the deficiencies in Pier 2 were greater than the $75,000 [the Corps] withheld." The CO added: the Corps "withheld an additional $51,413.42" for Pier 2 defective work; the total withheld was based on "a reasonable calculation of the damages sustained" by the Corps but is unlikely "to cover the actual cost of the deficient work"; and "[a]s th[is] project draws to completion, the [Corps] plans to issue a Request for Proposal...to negotiate a credit for the Pier 2 work that did not comply with the specified quality requirements of the contract and maximum loading requirements of the original design." (NOA, ex. 7 at 3, 5)

On 11 August 2014, CCE timely appealed the CO's final decision to this Board.

---

[2] CCE submitted a reply (to the Corps' opposition to CCE's motion to have the Corps file the complaint) which sought, in part, to strike parts of the Corps opposition without obtaining leave to file such a reply. The Corps subsequently submitted an amended opposition to CCE's motion deleting some material objected to by CCE without seeking leave to do so. It also filed a "response" to CCE's request to strike parts of the Corps' opposition asking the Board to disregard CCE's reply because the reply was supplied without CCE demonstrating good cause and receiving leave to file that reply. We grant both parties leave to file their respective documents with respect to the motion to have the Corps file the complaint, accept the parties' documents for filing, and consider the materials in ruling upon CCE's motion.

[3] Throughout the claim document, CCE sought the withheld amounts of $51,413.32 or $51,413.42 and $75,000.00. Since CCE specifically demanded a sum certain amount of $126,413.42, by calculation it appears that CCE's claim seeks $75,000.00 plus "$51,413.42" as withheld amounts.

3

## DECISION

CCE has filed a motion with the Board for an order directing the government to file the complaint in this appeal contending the Corps' withholding of $126,413.42 for Pier 2 defects was a government claim for a reduction in contract price, and that the Corps bears the burden of proving its withholding was proper (app. mot. at 1-2). The Corps has responded that it asserted a claim against CCE for the withheld amounts due to CCE's failure to comply with contract requirements but argues that CCE possesses sufficient information to file a complaint here and the information to accurately and fairly determine the extent of damages due to CCE's non-conforming work rests with CCE, which was required by contract to maintain inspection records (gov't opp'n at 1-3).

As explained in *Beechcraft Defense Co.*, ASBCA No. 59173, 14-1 BCA ¶ 35,592 at 174,395, CCE's motion to have the Board order the Corps to file the complaint in this appeal arises from the Contract Disputes Act's requirement that (1) all claims (whether asserted by the contractor or government) be the subject of a CO's decision (or deemed decision), 41 U.S.C. § 7103, and that (2) proceedings before a Board of Contract Appeals commence with an appeal from a CO decision by a "contractor," regardless of whether the CO decision addresses a claim asserted by the contractor or government, 41 U.S.C. § 7104. As a result, our Rule 6 states that an appellant (i.e., contractor) shall file the initial "pleading," i.e., complaint in appeals before us.

This Board, however, recognizes there are appeals in which the proceedings would be facilitated by the government's filing of the initial pleading. For example, we have ordered the government to file the complaint in appeals from decisions where a contractor lacked information upon which the "government" claim appealed was based. *Compare, e.g., General Dynamics Corp.*, ASBCA No. 49339, 96-1 BCA ¶ 28,244 (contractor has information regarding government claim for reimbursement of state tax refund) *with Hughes Aircraft Co.*, ASBCA No. 46321, 94-2 BCA ¶ 26,801 (government claim for defective pricing) and *LGT Corporation*, ASBCA No. 44066, 93-3 BCA ¶ 26,184 (government claim for percentage of revenue that the contractor obtained from printing ads in programs for military academy athletic events). We also recently ordered the government to file the complaint in an appeal from a "contractor" claim appearing to constitute a "defense" against a government claim of defective pricing, rather than a separate claim for contract adjustment. *BAE Sys. Land & Armaments Inc.*, ASBCA No. 59374, 15-1 BCA ¶ 35,817.

In this appeal, we have a claim submitted by CCE, a CO's final decision issued upon that claim, and a timely appeal by CCE from the CO's decision. CCE asserts, however, both in its claim and motion to have the government file the complaint, that its claim seeking progress payment withholdings by the CO is actually a "government" claim, and thus the Corps should file the complaint here. In its response to CCE's motion, the Corps opposes our having it file the complaint in this appeal, but states that

4

the claim before us is a "government" claim even though the CO has issued no final decision seeking a specific payment from CCE and simply has retained contract payments deemed not due CCE under a contract clause. Because we are not bound by any concessions or stipulations made by a party that are contrary to the evidence or law, e.g., *Kaminer Constr. Corp. v. United States*, 488 F.2d 980, 988 (Ct. Cl. 1973); *General Atronics Corp.*, ASBCA No. 37923, 91-3 BCA ¶ 24,047 at 120,360, we look initially at the claim presented and determine whose claim is before us.

While the CDA does not provide a definition of the term "claim," the Disputes clause of the parties' contract, FAR 52.233-1, states that a claim is "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to [the] contract." Under that definition, CCE's assertion and the government's concession that the withholdings are a "government" claim are not supported by the current record for this appeal. The CO's final decision did not assert an independent demand for payment in a sum certain or a contract price reduction, as CCE contends. Rather, the decision on the claim submitted by CCE for progress payments withheld sets forth simply that sums not paid CCE were retainage for defective and non-conforming work performed by CCE in accordance with terms of the Progress Payments clause, FAR 52.232-5. That clause expressly provides the Corps the right to retain a maximum of 10 percent of the estimated progress payments until satisfactory progress is achieved and, when work is substantially completed, the discretion to "retain from previously withheld funds and future progress payments that amount the Contracting Officer considers adequate for protection of the Government." We have held a CO's mere act of withholding alone, provided for by provisions within a contract, does not amount to assertion of a "government" claim. *Sea-Land Service, Inc.*, ASBCA No. 47200 *et al.*, 94-3 BCA ¶ 27,226 at 135,683; *A.J. Fowler Corp.*, ASBCA No. 28965, 86-2 BCA ¶ 18,970 at 95,795; *Paradyne Corp.*, ASBCA Nos. 29300, 29728, 84-3 BCA ¶ 17,600 at 87,684 (party who does not have possession of disputed money, and against whom money has been withheld, should assert a claim). Moreover, the CO's decision stated the Corps would seek at a future date a contract price adjustment for defective work under the terms of the contract's Inspection of Construction clause, FAR 52.246-12. Thus, the sum certain requirement for a "claim" by the government also is not satisfied as the Corps is still determining the amount of damages it ultimately will seek for defective work. *See, e.g., Hanley Industries, Inc.*, ASBCA No. 56976, 10-1 BCA ¶ 34,425 at 169,930. Since the Corps' CO has not made a specific monetary demand on CCE, but simply retained a portion of the monies sought by CCE pursuant to a contract clause based on unsatisfactory progress, and the CO final decision does not fall within the Disputes clause's other provisions (i.e., the adjustment or interpretation of contract terms or other relief), there is no factual or legal basis to conclude that this appeal presents a "government" claim.

5

In sum, the appeal presents a claim by a contractor, CCE, for a percentage of progress payments retained by the Corps pursuant to the terms of FAR 52.232-5(e). In *Technocratica,* ASBCA No. 44347 *et al.,* 94-1 BCA ¶ 26,584 at 132,288, we held:

> [T]he contract gives the Government the right to take retainage when it views job progress as unsatisfactory. FAR 52.232-5(e). The [CO] retains considerable discretion in deciding whether to take retainage and in what amounts, up to the limit prescribed by the contract. To prevail, appellant must show that the [CO] abused this discretion. Even if the cause of the progress failure is a matter of dispute, we have held that it is not an abuse of discretion for the Government to consider the lack of progress as redounding against the contractor for progress payment purposes. *Fortec Constructors,* ASBCA No. 27480, 83-2 BCA ¶ 16,727.

Accordingly, the burden of proof with respect to the claim currently before us is on CCE.

While CCE contends it lacks sufficient information to understand the CO's justification for the withholding, the CO specifically advised CCE that the basis for the withholdings was defective Pier 2 drilled shafts failing to meet contract requirements and re-affirmed in the final decision denying CCE's claim that the Corps withholdings were for defective Pier 2 work, unsatisfactory work progress, and noncompliance with contract work requirements. Under these circumstances, we see no reason why filing of the initial pleading (complaint) by the Corps would facilitate further proceedings in this appeal.

## CONCLUSION

CCE's motion is denied. CCE shall file its complaint under Board Rule 6 within 30 days from the receipt of this Opinion.

Dated: 10 March 2015

TERRENCE S. HARTMAN
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

I concur                                    I concur


MARK N. STEMPLER                            RICHARD SHACKLEFORD
Administrative Judge                        Administrative Judge
Acting Chairman                             Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals



I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA No. 59485, Appeal of Carro &
Carro Enterprises, Inc., rendered in conformance with the Board's Charter.

Dated:



JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

7